IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERTA BARBARA, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-02905 |
| | § | |
| AMGUARD INSURANCE COMPANY, | § | |
|    *Defendant,* | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESSES

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff Roberta Barbara files this Response in Opposition to Defendant AmGuard Insurance Company's ("AmGuard") Motion to Strike and would respectfully show:

#### I. SUMMARY OF RESPONSE

1- AmGuard's motion is an attempt to distract this Court from the key issues in this insurance coverage dispute. AmGuard admittedly paid only a fraction of Plaintiff's covered loss, forcing her to finance repairs herself, despite having timely provided all requested information. AmGuard wrongly blames Plaintiff's counsel when its own delays prejudice no one but Plaintiff.

2- The Court should deny AmGuard's motion because:

   a. Plaintiff fully complied with this Court's Scheduling Order regarding expert designations by timely identifying proposed experts;

   b. AmGuard fails to show prejudice or substantial justification for exclusion under FRCP 37(c);

   c. striking experts would unfairly punish Plaintiff for events outside her control; and

1

d. less drastic remedies like continuances or cost-shifting should apply instead of exclusion.

3- For these reasons, explained below, the motion should be denied.

## II. INTRODUCTION AND FACTS

4- This lawsuit arises out of a dispute between plaintiff Roberta Barbara and defendant AmGuard Insurance Company regarding insurance coverage for damage to Ms. Barbara's home resulting from frozen and burst pipes during the February 2021 winter storm in Texas. AmGuard seeks to strike plaintiff's designated expert witnesses for alleged noncompliance with the Court's scheduling order and Federal Rules of Civil Procedure governing expert disclosures. The Plaintiff opposes the motion, arguing she complied with expert designation deadlines and should not be penalized for delays outside her control. The motion is fully briefed and ripe for ruling.

5- In February 2021, during the widespread power outages in Texas, The Plaintiff's home suffered extensive damage due to frozen and ruptured water pipes. Facing an unlivable property, Ms. Barbara timely reported a claim to her homeowner's insurer, AmGuard.

6- AmGuard assigned an adjuster who inspected the home but severely undervalued the covered damages. AmGuard also ignored a subsequent report from Ms. Barbara's engineer itemizing covered repairs needed to make the home habitable again. Left without reasonable payment from AmGuard and facing significant out-of-pocket repair expenses, Ms. Barbara financed repairs to her home in hopes that AmGuard would eventually honor its coverage obligations under the insurance policy.

7- The Plaintiff served initial disclosures designating six expert witnesses proposed to use to establish her claims against AmGuard. However, due to AmGuard's repeated refusal to pay

for repairs, claiming they were unreasonable or unnecessary without proof, Ms. Barbara lacked funds to retain the experts or obtain the full expert reports. In October 2023, plaintiff's counsel arranged alternate payment plans to facilitate expert retention and production of reports. Plaintiff then worked diligently to provide the reports to AmGuard.

8- Defendant has now filed a Motion to Strike all of Plaintiff's experts, alleging that Plaintiff failed to provide adequate expert disclosures under Federal Rule of Civil Procedure 26(a)(2). However, Plaintiff's disclosures satisfy Rule 26(a)(2)'s requirements for witnesses who are not required to provide expert reports. Furthermore, the striking of Plaintiff's experts at this stage would be unduly prejudicial to Plaintiff and is not warranted under Rule 37(c).

9- Therefore, for the reasons stated herein, Defendant's Motion to Strike should be denied in its entirety.

### III. ARGUMENT

#### A. Plaintiff's Disclosures Satisfy Rule 26(a)(2)

10- Rule 26(a)(2) of the Federal Rules of Civil Procedure governs expert disclosures. For witnesses "retained or specially employed to provide expert testimony," a written report prepared and signed by the expert must be disclosed. Fed. R. Civ. P. 26(a)(2)(B). However, for non-retained experts, no report is required. Instead, the disclosure must simply state "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

11- Here, Plaintiff's experts Brandon Gadrow, Shiran Perera, Matt Morgan, Billy Bray, and Greg Degeyter were not retained or specially employed to provide expert testimony. Rather, they were existing experts involved with Plaintiff's claim prior to the inception of litigation. Mr. Gadrow evaluated Plaintiff's property damage, Mr. Perera was consulted informally regarding

causation, Mr. Morgan and Mr. Bray have knowledge of industry standards for claims handling.

12- Therefore, Plaintiff was not required to provide expert reports from these witnesses. Plaintiff's disclosures properly identify the subject matter and summarize the facts and opinions to which each expert is expected to testify, in compliance with Rule 26(a)(2)(C). Specifically:

- a. For Mr. Gadrow, Plaintiff disclosed he will testify regarding the nature, existence, cause, and value of damages to Plaintiff's dwelling. Plaintiff also summarized that Mr. Gadrow's damage estimate reflects the scope of repairs. This is sufficient to notify Defendant of Mr. Gadrow's opinions on property valuation and cost of repairs. Notably, Brandon Gadrow is Richard "Brandon" Gadrow.
- b. Mr. Degeyter, a meteorologist, is expected to testify that the winter storm produced meteorological conditions sufficient to cause extensive pipe freezing and bursting in homes in the Houston metropolitan area. His opinion rebuts AmGuard's anticipated defense denying the winter weather caused Ms. Barbara's water damage. Mr. Degeyter's opinions directly address a central issue – the storm's role in creating the property damage. Excluding him would handicap Ms. Barbara's ability to prove her breach of contract and insurance code claims since AmGuard refused payment asserting the alleged damages did not result from the winter storm. Mr. Degeyter's testimony is vital to connect the storm to the property damage that AmGuard wrongly failed to cover.
- c. For Mr. Perera, Plaintiff disclosed he will testify regarding causation of damages at the property. Plaintiff also summarized that Mr. Perera will opine that a covered event occurred at the property during the policy period and

caused damages. This summarizes his causation opinions.

    d. For Mr. Morgan, Plaintiff disclosed he will testify regarding insurance industry claims handling standards and procedures. Plaintiff also summarized that Mr. Morgan will opine Defendant failed to comply with those standards in adjusting Plaintiff's claim. This summarizes his claims handling opinions.

    e. For Mr. Bray, Plaintiff disclosed he will testify that Plaintiff's loss is covered under the policy and Defendant acted unreasonably in denying coverage. This summaries Mr. Bray's coverage opinions.

    f. For Mr. Dick, the parties had agreed to prove up attorneys' fees after a finding of liability. As such, it is premature to strike him. Plaintiff has adequately designated Mr. Dick in his disclosures.

13- Defendant complains that Plaintiff failed to disclose specific facts and opinions such as precisely when and how the loss occurred. However, Rule 26(a)(2)(C) does not require such intricate details. It only requires a general summary of the opinions that will be offered, which Plaintiff provided. Defendant can obtain additional details through deposition of Plaintiff's experts. See *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 45 (S.D.N.Y. 2016) ("While Rule 26(a)(2)(C) requires more than the passing reference to subject matter contained in many notices of expert testimony under pre-amendment practice, it does not require a complete narrative report detailing all the opinions a non-reporting expert will offer and the bases for them.").

14- Furthermore, contrary to Defendant's suggestion, Rule 26(a)(2)(C) does not require production of documents supporting the expert's opinions, other than those already produced. See *United States v. Sierra Pac. Indus.*, No. CIV S-09-2445 KJM, 2011 WL 5508867, at *5 (E.D.

Cal. Nov. 8, 2011) ("The text of the Rule does not indicate any obligation to produce documents the non-reporting expert has reviewed."). Plaintiff was not required to attach expert estimates, resumes, and other materials to the disclosure. Nevertheless, Plaintiff voluntarily produced the property damage estimate reflecting Mr. Gadrow's repair cost opinions. Defendant has been more than adequately notified of the subject matter, facts, and opinions of Plaintiff's non-retained experts.

15- In short, Plaintiff fully complied with Rule 26(a)(2)(C)'s disclosure requirements for non-retained experts. To the extent Defendant desires additional technical details concerning Plaintiff's experts' opinions, it can seek those during discovery. See *Scott*, 315 F.R.D. at 45 ("To the extent [defendant] needs additional details about [the expert's] opinions in order to prepare for his deposition, it can seek them through a targeted interrogatory."). However, Plaintiff is not required to disclose every minute detail and document supporting her experts' opinions at this preliminary stage. Accordingly, Plaintiff satisfied Rule 26(a)(2)(C) and Defendant's Motion to Strike should be denied.

**B. Striking Plaintiff's Experts Would Be Unduly Prejudicial**

16- In addition to Plaintiff's compliance with disclosure requirements, striking Plaintiff's experts would be unduly prejudicial under Rule 37(c). The Fifth Circuit has held that four factors must be considered in determining whether to strike an expert for inadequate disclosures: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996). These factors weigh heavily against the severe sanction of striking Plaintiff's experts.

17- First, Plaintiff's causation and damages experts and claims handling expert provide evidence that is extremely important to Plaintiff's ability to prove her claims against Defendant. Without expert testimony on these matters, Plaintiff's case would be severely prejudiced. This factor weighs against striking Plaintiff's experts. See *id*. (finding expert testimony "critical" to plaintiff's proof weighed against striking).

18- Second, there is no prejudice to Defendant in allowing Plaintiff's timely designated experts to testify. Despite Defendant's protestations, its ability to prepare for depositions and designate rebuttal experts will not be prejudiced by Plaintiff's proper Rule 26(a)(2)(C) disclosures. Notably, Defendant makes no claim that the discovery period is insufficient for it to conduct discovery regarding Plaintiff's experts. Defendant's unsubstantiated assertions of prejudice are insufficient to warrant the draconian sanction of striking Plaintiff's experts. This factor also weighs in Plaintiff's favor.

19- Third, because Defendant has suffered no prejudice, a continuance is not necessary to cure any potential prejudice. This neutral factor does not support striking Plaintiff's experts.

20- Fourth, Plaintiff has provided a reasonable explanation for not providing more detailed expert disclosures – none were required under Rule 26(a)(2)(C). Plaintiff complied with the federal rules and this Court's scheduling order by providing the required summary disclosures. There is no evidence of gamesmanship or inadequate explanations. This factor also weighs against striking Plaintiff's experts.

21- On balance, the *Sierra Club* factors weigh strongly against excluding Plaintiff's experts. Defendant has failed to demonstrate any prejudice resulting from Plaintiff's proper expert disclosures. Moreover, striking Plaintiff's experts would effectively eviscerate Plaintiff's ability to prove her claims. Such a draconian sanction is not warranted or appropriate here. Therefore,

the Court should deny Defendant's Motion to Strike.

## C. Defendant's Reliance on Rules 702 and 703 is Misplaced

22- In a final attempt to exclude Plaintiff's experts, Defendant vaguely references Federal Rules of Evidence 702 and 703, with no analysis or explanation of how Plaintiff's disclosures violate those rules. However, Rules 702 and 703 are evidentiary rules that govern the admissibility of expert testimony at trial or summary judgment. They do not provide a basis for striking experts at the disclosure stage. See *Scott*, 315 F.R.D. at 43 ("Rule 702 . . . provides no authority to exclude testimony during discovery; rather it serves as a standard for admissibility at trial."); *Sierra Club*, 73 F.3d at 571-72 (analyzing Rule 702 challenge to expert testimony at summary judgment separately from Rule 26 disclosure deficiencies).

23- Therefore, Defendant's underdeveloped references to Rules 702 and 703 are misplaced and provide no grounds for exclusion. The admissibility of Plaintiff's experts under Rules 702 and 703 is an entirely separate inquiry from the adequacy of disclosures under Rule 26(a)(2). Defendant provides no reason why Plaintiff's experts would be unqualified or rely on improper methodology, and their admissibility should be challenged only at the appropriate time – trial or summary judgment. Defendant's attempt to conflate the Rule 26 disclosure standards with trial admissibility should be rejected.

## D. **Defendant's Obstructionist Actions**

24- **Red Herring**: The Plaintiff would like to bring to the Court's attention the Defendant's consistent actions to obstruct and divert. By introducing a "red herring," the Defendant appears to be deliberately attempting to sidetrack the core issues, making the process more cumbersome for the Plaintiff.

25- **Good Faith and Compliance**: The Plaintiff acted in good faith, complied with the

Defendant Insurer's Policy, and followed the Order. If, hypothetically, the Plaintiff were to be found in contempt, the Defendant's motion would be unduly harsh and inappropriate, given the proactive and transparent nature of Plaintiff's actions.

## IV. CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this court to deny Defendant AmGuard's Motion to Strike Plaintiff's Expert Witnesses. Defendant has failed to demonstrate any valid basis for striking Plaintiff's timely designated experts Brandon Gadrow, Shiran Perera, Greg Degeyter, Matt Morgan, Billy Bray, and Eric Dick. Plaintiff satisfied the disclosure requirements of Rule 26(a)(2)(C) and striking these important experts months before the close of discovery would be unduly prejudicial under Rule 37(c).

Therefore, Plaintiff respectfully requests the Court deny Defendant's Motion to Strike Plaintiff's Expert Witnesses in its entirety. The Plaintiff remains committed to the principles of justice and fairness and trusts that this Court will recognize her genuine efforts in this regard and for such other and further relief to which she may be justly entitled.

Respectfully submitted,

*/s/ Eric B. Dick*
Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
Dick Law Firm, PLLC
3701 Brookwoods Dr.
Houston, TX 77092-8317
(844) 447-3234 Office
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF
ROBERTA BARBARA**

## **CERTIFICATE OF SERVICE**

I certify that in accordance with the Federal Rules of Civil Procedure I served a true and correct copy of the above on the parties of record. This service was made in a manner appropriate under Federal Rules of Civil Procedure.

SIGNED on February 28, 2024

*/s/ Eric B. Dick*
Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC