United States District Court
Southern District of Texas
**ENTERED**
May 10, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERTA BARBARA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-2905 |
| | § | |
| AMGUARD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## <u>ORDER</u>

This is a first-party insurance case that was removed from Texas state court. (Dkt. 1). Pending before the Court are two motions filed by the defendant, AmGuard Insurance Company ("AmGuard"). AmGuard's motion to strike Plaintiff Roberta Barbara's ("Barbara") expert witnesses (Dkt. 43) is **GRANTED IN PART AND DENIED IN PART**. Expert witnesses Richard Gadrow, Gary Johnson, and Billy Bray will not be allowed to offer expert testimony in this case. AmGuard's motion for summary judgment (Dkt. 15) is **DENIED** without prejudice to being reasserted at trial as a motion for judgment as a matter of law.

*—AmGuard's motion to strike Barbara's expert witnesses*

    i.    <u>Federal Rule of Civil Procedure 26</u>

Federal Rule of Civil Procedure 26 provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. Fed. R. Civ. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the

witness is one retained or specially employed to provide expert testimony in the case[.]" Fed. R. Civ. P. 26(a)(2)(B). The written report must contain: (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; (5) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B).

"A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Moreover, "a party is required to supplement its expert disclosures if the court so orders or if 'the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'" *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 570 n.42 (5th Cir. 1996) (quoting Fed. R. Civ. P. 26(e)(1)).

ii.    The procedural facts and the parties' contentions

Barbara attached a list of her experts, along with a general description of their areas of expertise, to her state-court pleading. (Dkt. 1-4 at pp. 45–57). AmGuard seeks to strike Barbara's expert witnesses on the ground that Barbara's expert designation and disclosures do not comply with Rule 26. (Dkt. 43 at pp. 1–2).

AmGuard first asserted that Barbara's expert disclosures were inadequate in a discovery letter that it filed on September 22, 2023. (Dkt. 14). In its letter, AmGuard correctly stated that, under the governing docket control order in this case, Barbara's expert designation deadline was June 30, 2023. (Dkt. 14 at p. 1). The Court's docket control order specifically required Barbara to make full Rule 26 disclosures by that date:

> 3.    6/30/2023        Identification of plaintiff's experts and production of experts' reports in the form required by Fed. R. Civ. P. 26(a)(2)(B).

Dkt. 12 at p. 1.

In its letter, AmGuard pointed out the following deficiencies in Barbara's expert witness designation:

- It does not contain a written report or a Rule 26(a)(2)(C) disclosure.
- It does not contain any opinions specific to this case.
- It does not contain any facts or data considered by the expert in forming opinions.
- It does not contain any exhibits that will be used.
- It does not contain a list of cases or prior testimony.

Dkt. 14 at p. 1.

AmGuard further stated that Barbara had never supplemented the designation that was attached to her state-court pleading and that its attempts to request deposition dates for Barbara's listed experts had been "ignored completely." (Dkt. 14 at p. 2). Additionally, AmGuard represented to the Court that Barbara had failed to provide it with the information that this Court's mandatory discovery protocols for certain first-party insurance cases required her to produce and had failed to respond to AmGuard's own discovery requests. (Dkt. 14 at pp. 1–2). According to the letter, Barbara ignored repeated

attempts by AmGuard to contact her regarding her failure to comply with her discovery obligations. (Dkt. 14 at pp. 1–2).

Barbara did not file a response to AmGuard's letter. On October 19, 2023, the Court held a hearing on the allegations contained in AmGuard's letter, and Barbara's counsel appeared and said this to the Court:

```
        MR. DICK:  Yes.  Yes, Your Honor.  So from my end,
we completely botched it.  And I'm just going to be candid.
It usually doesn't happen, it's rare when it happens, but we
completely botched it.


        I just had associates do this, but I'm embarrassed.
I just want the Court to know I'm sorry.  I want opposing
counsel to know I'm sorry.
        What I'd like to do, if it's okay, I'd like to provide
the discovery responses in seven days, the reports in 14 days,
and get depos scheduled in 21.
        And I'm -- I really am, like, seriously no joke,
I'm sorry.
```
Dkt. 50 at pp. 3–4.

The Court memorialized Barbara's counsel's proposed expert witness discovery schedule in its minute entry from the October 19, 2023 hearing:

At the hearing, the following rulings were made as stated on the record:

The Court held a discovery hearing. Plaintiff will respond to Defendant's discovery requests in accordance with the schedule stated on the record. Plaintiff will produce the requested documents **on or before October 27, 2023**. Plaintiff will produce her experts' reports **on or before November 3, 2023**. Plaintiff will provide deposition dates for her experts **on or before November 10, 2023**.

Dkt. 23.

The Court held docket call in this case on February 2, 2024; counsel for Barbara did not appear. (Dkt. 42). The Court set a show cause hearing for February 9, 2024 and gave AmGuard leave to file a motion to strike Barbara's expert witnesses. (Dkt. 42). Counsel for Barbara appeared at the February 9, 2024 show cause hearing, and the Court set a full briefing schedule for AmGuard's motion to strike. (Dkt. 47).

In its briefing on its motion to strike, AmGuard represents that, after the Court set out the expert witness discovery schedule in the minutes from the October 19, 2023 hearing, Barbara presented three of her experts—Shiran Perera ("Perera"); Matt Morgan ("Morgan"); and Greg Degeyter ("Degeyter")—for deposition and provided reports, albeit incomplete ones,[1] for those three experts. (Dkt. 52 at p. 2). As to three other experts—Richard Gadrow ("Gadrow"); Gary Johnson ("Johnson"); and Billy Bray ("Bray")—Barbara neither provided a report nor presented the experts for deposition. (Dkt. 52 at p. 2). It appears that Gadrow died in June of 2023. (Dkt. 52-1).

---

[1] According to AmGuard, Perera's report and Morgan's report were missing *curricula vitae*, information about other cases in which the experts had testified, and information about the experts' compensation. (Dkt. 52 at p. 2). Degeyter's report was missing information about his compensation. (Dkt. 52 at p. 2).

In her responsive briefing, Barbara does not deny AmGuard's representations about what and whom she produced. In arguing against AmGuard's motion to strike, Barbara instead asserts only that her experts "were not retained or specially employed to provide expert testimony" and were, rather, "existing experts involved with [Barbara's] claim prior to the inception of litigation." (Dkt. 48 at p. 3). Since her experts were not retained or specially employed to provide expert testimony, Barbara contends, she "was not required to provide expert reports from these witnesses." (Dkt. 48 at p. 4).

Barbara's counsel did not tell this Court at the October 19, 2023 hearing that her experts were non-retained experts who were involved with her claim before she filed her lawsuit; and in the case of Perera and Morgan, at least, that appears to be false. Perera testified in his deposition that he was first contacted by Barbara's counsel to provide an expert opinion on October 20, 2023. (Dkt. 1-4 at p. 1; Dkt. 43-5 at p. 2). Morgan testified in his deposition that he did not recall being contacted by Barbara's counsel at any point in 2022, the year this lawsuit was filed. (Dkt. 43-4 at p. 2). Morgan further acknowledged that his expert report in this case is dated November 2, 2023; that he "usually" writes a report within 30 days of his first being contacted by Barbara's counsel; and that it was "possible" that he was first contacted by Barbara's counsel to provide an opinion in this lawsuit in October of 2023. (Dkt. 43-4 at p. 2). In any event, Barbara's counsel categorically stated at the October 19, 2023 hearing that he would provide reports for all of his experts by November 3, 2023 and would provide deposition dates for all of his experts by November 10, 2023; and this Court accordingly categorically ordered him to do so. (Dkt. 23; Dkt. 50 at pp. 3–4).

iii.    <u>Analysis</u>

The Court will strike Gadrow,[2] Johnson, and Bray on the basis that Barbara, in the case of those three experts, utterly failed to comply with this Court's expert witness discovery order of October 19, 2023—an order that, notably, adopted a schedule which Barbara's counsel himself had proposed.

When determining whether to strike an expert's testimony for a party's failure to properly and timely disclose required information, the Court considers the following factors: (1) the importance of the expert's testimony; (2) the prejudice to the opposing party of allowing the expert to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order. *Sierra Club*, 73 F.3d at 572. Even assuming the importance of an expert's testimony, "the importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996) (brackets and quotation marks omitted).

Here, Barbara has provided no explanation for her failure to adhere to the expert witness discovery schedule that the Court set out—again, at Barbara's request—on October 19, 2023. Moreover, AmGuard's ability to defend the lawsuit has been hobbled by Barbara's failure to provide any of the information about Gadrow, Johnson, and Bray that

---

[2] As the Court previously mentioned, it appears that Gadrow died in June of 2023. (Dkt. 52-1). In her briefing, Barbara appears to claim that the expert in question is actually Gadrow's son, who is still living. (Dkt. 48 at p. 4). In the end, it makes no difference which Gadrow Barbara meant to designate; Barbara did not produce a report from either one and did not produce either one for a deposition. (Dkt. 52 at pp. 2–3).

Rule 26 requires her to disclose, and AmGuard would be further prejudiced if Barbara were permitted to perpetually delay AmGuard's efforts to obtain these experts' reports and depose them. *Id.* ("There can be no question that each delay in producing and deposing expert witnesses resulted in additional expense and disrupted the Defendants' preparation of the case.").

Although the Court could consider, and has considered, giving Barbara extra time to produce the required information, the record reflects that Barbara has consistently flouted discovery obligations imposed on her by both the Federal Rules of Civil Procedure and the orders of this Court. AmGuard has made uncontroverted representations to the Court that Barbara inexcusably failed, for months, to provide it with the information that this Court's mandatory discovery protocols for certain first-party insurance cases required her to produce and, additionally, failed to respond to AmGuard's own discovery requests. (Dkt. 14 at pp. 1–2). It was only when the Court held the October 19, 2023 hearing on AmGuard's allegations that Barbara, who according to AmGuard ignored its repeated attempts to contact her, agreed to honor her discovery obligations; at that point, Barbara's responses to this Court's mandatory discovery protocols were already a year late. (Dkt. 5 at p. 4; Dkt. 14 at p. 1). Then, incredibly, Barbara failed to comply with the Court's October 19, 2023 expert discovery order. Under these circumstances, there is no reason to believe that a continuance of the expert discovery deadlines would, "in and of itself, deter future dilatory behavior" or "serve to enforce local rules or court imposed scheduling orders." *Id.* (quotation marks omitted) ("Appellants have offered no reason to believe a continuance would have cured their dilatory behavior. Instead, it is likely that a continuance would have

resulted only in additional delay and would have unnecessarily increased the expense of defending the lawsuit.").

Having considered the record and the appropriate factors, the Court will not allow Gadrow, Johnson, or Bray to offer expert testimony in this case.[3]

*—AmGuard's motion for summary judgment*

AmGuard has also filed a motion for summary judgment. That motion (Dkt. 15) is respectfully **DENIED** without prejudice to being reasserted at trial as a motion for judgment as a matter of law. The Court concludes that the record contains triable fact issues regarding AmGuard's handling of Barbara's claim.

*—Conclusion*

AmGuard's motion to strike Plaintiff Roberta Barbara's expert witnesses (Dkt. 43) is **GRANTED IN PART AND DENIED IN PART**. Expert witnesses Richard Gadrow, Gary Johnson, and Billy Bray will not be allowed to offer expert testimony in this case. AmGuard's motion for summary judgment (Dkt. 15) is **DENIED** without prejudice to being reasserted at trial as a motion for judgment as a matter of law.

SIGNED at Houston, Texas, on _____ May 10 _____, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[3] One last designated expert has gone unremarked in this order and is only briefly discussed in the parties' papers: Eric Dick ("Dick"), Barbara's lead counsel, who has been designated on the topic of attorney's fees. The Court will allow Dick to testify. Even though it does not appear that Dick has produced an expert report or been deposed, his methodology for calculating attorney's fees is prescribed by statutes and caselaw and is no doubt familiar to defense counsel.